IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WENG ONG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-421-L** |
| | § | |
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are American Airline, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6) ("Motion") (Doc. 5), filed March 5, 2021; and American Airlines, Inc.'s Motion Requesting Oral Argument On Its Pending FRCP 12(b)(6) Motion to Dismiss ("Request for Oral Argument") (Doc 7), filed February 10, 2022.  After considering the motions, pleadings, and applicable law, the court, for the reasons herein explained, **grants** American Airline, Inc.'s Motion (Doc. 5); and **denies as moot** its Request for Oral Argument (Doc. 7).

### I.    Factual and Procedural Background

Weng Ong ("Plaintiff" or "Ms. Ong") originally filed this action in state court, seeking damages stemming from her being ousted from an international American Airlines flight on January 10, 2019.  Ms. Ong alleges that, after boarding the aircraft, but before it departed, she attempted to change seats and got into an altercation with another "white" passenger over a seat that she admittedly did not purchase.  Ms. Ong alleges that American Airlines' decision to remove her from the flight was racially motivated and unfair, and that she suffered emotional distress and monetary damages as a result.  Ms. Ong contends that American Airlines is liable for improperly accusing her of being a terrorist.  In addition, she asserts that she is entitled to recover the following

damages: $10,000 in civil penalties damages for race discrimination, breach of contract, false accusation, and mistreatment of elderly persons over 65 years of age; a flight refund of $750; unspecified expenses totaling $120; and costs of court.

On February 26, 2021, American Airlines, Inc. ("Defendant" or "American Airlines") removed the action to federal court based on federal question jurisdiction. American Airlines then moved on March 5, 2021, to dismiss Plaintiff's claim and this action, on the ground that her claim, which it characterizes as a claim arising out of purported racial discrimination, is preempted by and barred by the Montreal Convention in the absence of bodily injury. Plaintiff, who is proceeding pro se, did not respond to Defendant's Motion or seek an extension to do so.

## II.     Motion to Dismiss (Doc. 5)

### A.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

    **B.**    **Discussion**

Like the predecessor Warsaw Convention, the Montreal Convention "governs the rights and liabilities of passengers and carriers in international air transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 F. App'x 294, 296 (5th Cir. Nov. 4, 2013) (per curiam) (unpublished) (citing *Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1292 (11th Cir. 2013)). The Montreal Convention provides the exclusive remedy for claims relating to international carriage and preempts claims under local law that fall within the Convention's substantive scope. *See Mbaba*

*v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006) (concluding that claims were preempted under Warsaw Convention). Regarding scope, Article 17 of the Montreal Convention provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention art. 17. The "substantive scope" of this Article "extends to all 'passenger injuries occurring on board the aircraft or in the course of any of the operations of embarking and disembarking—even if the claim is not actionable under the treaty." *King v. Am. Airlines, Inc.*, 284 F.3d 352, 359 (2d Cir. 2002) (quoting *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 172 (1999)) (internal quotation marks omitted).

Regardless of how Plaintiff characterizes her claim(s) and damages in this case, they all arise from American Airlines' decision to remove her from an international flight—a single "damaging event" that occurred during the embarking process of an international flight— and are, therefore, governed and preempted by the Montreal Convention. *Sanches-Naek v. TAP Portugal, Incorporated,* 260 F. Supp. 3d 185, 191 (D. Conn. 2017). The court's determination regarding the preemptive effect of the Montreal Convention on the claims asserted here finds support in the Second Circuit's opinion involving a factually similar discrimination claim in *King*, which was cited with approval by the Fifth Circuit in *Mbaba* as follows:

> Our decision conforms with the view taken by the Second Circuit in *King v. American Airlines, Inc.*, 284 F.3d 352 (2d Cir. 2002). In *King*, the court held that the Warsaw Convention preempted a discrimination claim based on an allegation that the plaintiffs were bumped from a flight because of their race. *Id.* at 358. The *King* Court noted that the Supreme Court in *Tseng* "held that the Convention's preemptive effect on local law extends to all causes of action . . . regardless of whether a claim actually could be maintained under the provisions of the Convention." *Id*. at 357.
>
> For these reasons, the Warsaw Convention preempts Mbaba's claims.

*Mbaba*, 457 F.3d at 500 (citing *Tseng*, 525 U.S. at 169).

The reasoning in *Sanches-Naek* lends further support for the court's determination that Plaintiff's claim(s) and related damages in this case are preempted by the Montreal Convention. Like Ms. Ong, the plaintiffs in *Sanches-Naek* were removed from an international flight and sued the airline carrier for a host of claims and damages. Based on the reasoning in *King* and *Tseng*, and the Second Circuit's opinion in *Yanovskiy v. Air France*, the district court in *Sanches-Naek* rejected the plaintiffs' argument regarding the preemptive effect of the Montreal Convention and determined that these cases "make clear that 'all state law claims allegedly arising from a damaging event covered by the [Warsaw Convention], as well as all subsequent tortious conduct which cannot be artificially separated from the precipitating cause, are preempted by the [Warsaw Convention].'") (quoting *Yanovskiy v. Air France*, 173 F.3d 848, 1999 WL 248126, at *1 (2d Cir. Apr. 23, 1999) (unpublished)). The district court in *Sanches-Naek*, therefore, concluded:

> Thus, regardless of the type of damages that Plaintiffs are seeking, all of their state law claims, including their claims for "intentional misrepresentation", "negligence", "libel" and "defamation of character", "slander", "malicious prosecution," "elder abuse", "breach of contract", "violation of the implied covenant of good faith and fair dealing", "intentional infliction of emotional distress", and "negligent infliction of emotional distress," . . . are precluded by the Montreal Convention because . . . all of their state law claims arise from one "damaging event covered by the" Montreal Convention.

*Sanches-Naek,* 260 F. Supp. 3d at 191 (citing *Yanovskiy*, 173 F.3d at 848).[*]

Additionally, as correctly noted by Defendant, Ms. Ong's claims for monetary damages and emotional distress are barred by the Montreal Convention, which limits carrier liability to

---

[*] For this same proposition, the Second Circuit in *Yanovskiy* cited: *Shah v. Pan Am. World Services, Incorporated*, 148 F.3d 84, 97 (2d Cir. 1998); *Fishman v. Delta Air Lines, Incorporated*, 132 F.3d 138 (2d Cir. 1998); and *Husmann v. Trans World Airlines, Incorporated*, 169 F.3d 1151, 1999 WL 115212 (8th Cir. Mar. 8, 1999). While these and the other opinions herein cited, other than those by the Supreme Court and the published opinions by the Fifth Circuit, are not binding precedent, they may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006).

**Memorandum Opinion and Order – Page 6**

damages sustained in the case of death or bodily injury and loss or damage to checked baggage, none of which is alleged here. *See Bassam v. American Airlines*, 287 F. App'x 309, 316-18 (5th Cir. July 14, 2008) (per curiam) (unpublished) (concluding that emotional injuries not accompanied by bodily injuries are not recoverable under Article 17) (citing *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 552-53, (1991); and *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 368 (2d Cir. 2004) (other citations omitted)).

Thus, Plaintiff has failed to state any claim(s) upon which relief can be granted. Further, because her claim(s) fail as a matter of law, any attempt at amendment would be futile and unnecessarily delay the resolution of this litigation. For these reasons, she will not be allowed to amend her pleadings.

### III.   Request for Oral Argument (Doc. 7)

Defendant asks the court to allow oral argument on its dismissed Motion. While the court appreciates the effort to allow a junior attorney to argue a motion to the court, at the time the Motion for Oral Argument was filed, this memorandum opinion and order on Defendant's main Motion was in its final stages. As the court has ruled in Defendant's favor, the request for oral argument is now moot.

### IV.   Conclusion

Based on the text of the Montreal Convention and the authorities herein discussed, the court **concludes** that the claim(s) asserted by Plaintiff are preempted, and her alleged injuries are not actionable. Accordingly, the court **grants** Defendant's Motion (Doc. 5); **denies as moot** Defendant's Request for Oral Argument (Doc. 7); and **dismisses with prejudice** this action and all claim(s) asserted by Plaintiff.

**It is so ordered** this 14th day of February, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge